IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SHAWN L. DUNN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-215-JDK-JDL |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shawn L. Dunn, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On August 19, 2022, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case pursuant to the three-strike bar of 28 U.S.C. § 1915(g). The Magistrate Judge stated that "speculative and conclusory allegations that a prisoner was placed in imminent danger through failure to follow Covid-19 protocols are not sufficient to avoid the three-strikes bar." Docket No. 6 at 6–7 (citing *Ortiz v. Collier*, 855 F.App'x 966 (5th Cir. 2021)). Likewise, the Magistrate Judge observed that general fears of Covid-19 while imprisoned do not satisfy the imminent danger exception to the three-strikes bar. *Id.* (citing *Crayton v. Polk*, No. 5:20-cv-86, 2021 WL 5759048 (E.D. Tex. Dec. 3, 2021); *Brooks v. Harris*

*Cnty. Jail*, No. H-20-2851, 2020 WL 5982265 (S.D. Tex. Oct. 7, 2020)). The Magistrate Judge concluded that Plaintiff's complaint failed to allege imminent danger sufficient to avoid the three-strikes bar. *Id.* at 7. Accordingly, Plaintiff is barred from proceeding *in forma pauperis* in this lawsuit. Plaintiff objected. Docket No. 10.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

While Plaintiff raises several objections, he does not dispute that he has three strikes under § 1915(g) nor that he failed to show imminent danger of serious physical injury at the time that he filed the present lawsuit. Plaintiff's allegations of bias based upon a judicial complaint—which was dismissed well before he filed this suit—are both unwarranted and untrue. Further, the federal court has no jurisdiction or control over the state courts of Anderson County and cannot give Plaintiff advice as how to proceed in state court.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the

Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 6) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory filing fee. Should Plaintiff pay the full filing fee within fifteen days after the date of entry of final judgment, he shall be allowed to proceed in the lawsuit as though the full fee had been paid from the outset.

So **ORDERED** and **SIGNED** this **11th** day of **October, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE